STATE MUTUAL BUILDING AND LOAN ASSOCIATION OF
NEW JERSEY v. JAMES G. BATTERSON.

Argued June 3, 1908—Decided November 9, 1908.

1. Where a bond and warrant of attorney to confess judgment is given to secure the payment of a sum of money at such times, in such places and in such installments as may be required by the constitution, by-laws and regulations of a building and loan association, with the provision that upon default the whole may become immediately due at the option of the obligee, judgment may be entered upon the bond and warrant, notwithstanding no definite date of payment is mentioned in the bond.

2. Where a bond and mortgage are given for the same indebtedness and a decree is had in favor of the mortgagee and obligee upon a bill to foreclose the mortgage, that decree is conclusive in an action brought upon the bond for the deficiency, as to any defence that was available in the foreclosure suit.

On rule to show cause why a judgment should not be opened.

Before Justices GARRISON, SWAYZE and PARKER.

For the rule, *Francis Scott.*

*Contra, Harvey F. Carr.*

The opinion of the court was delivered by

SWAYZE, J. This is a motion to open a judgment entered upon a bond and warrant of attorney.

The bond was secured by a mortgage which was foreclosed. The case is reported in 1 *Robb.* 595. It was there held that the mortgage did not secure the premiums, fines and charges, for the payment of which, together with the principal and interest, the bond was conditioned. In every other respect the decree in favor of the complainant in the foreclosure suit was sustained. Judgment was then entered upon the bond, by virtue of the warrant of attorney, for the penalty of the bond; and it is this judgment which the defendant now seeks

to set aside. This method of entering the judgment has been already sustained by this court. *Earl* v. *Jenkins,* 42 *Vroom* 416. It is urged, however, that the bond in the present case is not such a bond as is contemplated by the act directing the mode of entering judgment on bonds with warrants of attorney to confess judgments (*Gen. Stat., p.* 172), for the reason that section 5 limits the right of the obligee to apply for the entry of judgment pursuant to the warrant, to a time after the day of payment mentioned in the bond. The bond in this case provides for the payment of the moneys secured at such time, in such places, and in such installments as now are, or may hereafter be required by the constitution, by-laws and regulations of the obligee. It contains also a special provision that if default is made in the payment of interest and principal, premiums, fines, charges, or tax, for the space of thirty days after the same shall first become payable, that then the whole principal debt shall, at the option of the obligee, become due and payable immediately; and payment of said principal debt and all interest thereon may be enforced and recovered at once, anything contained in the bond to the contrary notwithstanding. It is not denied that there had been default, and that the thirty days had elapsed, so that the whole amount became due at the option of the obligee. If so, the date of payment had arrived when the judgment was entered, and it would be too narrow a construction to say that that day of payment was not mentioned in the bond, because it was not fixed by reference to the calendar, but by reference to a default of the obligor.

The case is very different from the case of *Hildreth* v. *Harwood,* 4 *Zab.* 51, where the bond, on its face, showed that it was subject to the conditions of another agreement.

Most of the other questions sought to be raised were questions that might have been raised in the foreclosure suit, and were necessarily involved therein. As to these questions the matter is *res adjudicata.* This covers the objection that the loan was made in New York and was usurious under the New York statute, so that no recovery could be had therefor.

There seems, however, to have been an error in computing

the fines; the fines should cease with the commencement of the foreclosure suit. *Manhattan and S. Savings and Loan Association* v. *Massaralli, 42 Atl. Rep.* 284. This error, however, does not vitiate the judgment, which, in any event, would be entered for the penalty of the bond. If an execution has been issued the endorsement thereon may be corrected.

The motion to open the judgment is denied, with costs.