**SECURITY MUTUAL LIFE
INSURANCE COMPANY
OF NEW YORK**

v.

**CONTEMPORARY REAL ESTATE AS-SOCIATES; Vivian M. Barsky; Anthony A. Minnissale; Stanley D. Kolman; Frank H. Guinn; Geraldine P. Baird; Saul Jeck; Lester A. Ruppersberger; Harvey Harris; Kenneth B. Wiseman; Stanley E. Essl; Joanna M. Mscichowski, Appellants.**

**No. 92–1319.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 22, 1992.

Decided Nov. 13, 1992.

Robert D. Lane, Jr., Margaret A. Suender (argued), Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee.

Anthony W. Novasitis, Jr. (argued), Philadelphia, Pa., for appellants.

Before: COWEN, NYGAARD, and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

In this diversity action controlled by Pennsylvania law, defendants appeal the judgment of the district court to the extent that it allows certain late charges and attorneys' fees against them in an action for the collection of the accelerated balance of a note. The district court had jurisdiction under 28 U.S.C. § 1332(a)(1). We have jurisdiction under 28 U.S.C. § 1291.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Security Mutual Life Insurance Company of New York ("Security Mutual"), lent Contemporary Real Estate Associates, a Pennsylvania general partnership, and the individual general partners (collectively "defendants") $425,000.00 under a ten year mortgage and accompanying promissory note payable in monthly installments with an interest rate of 12.25% per annum. The note provided, *inter alia*, for: (1) payment of a late charge equivalent to 10% of each monthly installment for monthly payments not received by Security Mutual within the first ten days of the month in which payment was due; (2) acceleration of the outstanding balance upon any action by defendants deemed to be an event of default under the note; and (3) reasonable attorneys' fees and expenses incurred in any effort to collect on the note.

Defendants failed to make timely monthly payments under the note beginning on August 1, 1990. On March 20, 1991, Security Mutual filed this action seeking payment of the entire balance due on the principal of the note, plus interest, late charges, costs of collection and attorneys' fees. Thereafter, Security Mutual moved for summary judgment on its claim. Defendants conceded that the required payments due under the note had not been made but alleged that Security Mutual had not formally declared a default. The district court rejected this argument and granted summary judgment on March 11, 1992. Defendants tacitly concede on appeal that the filing of the complaint accelerated the debt.

The judgment of the district court included an award of late charges for the period from August 1, 1990, through March 11, 1992, totalling $13,368.20. Defendants contest the judgment insofar as it includes late charges for the period after March 20, 1991, the date this complaint was filed. They assert that this amount, $8,689.33, cannot be included as an element of damages because the filing of the complaint terminated any obligation on their part to make further monthly payments. Thus, they say, there could be no further late charges. In their view, the Pennsylvania Supreme Court would so decide. We have plenary jurisdiction to resolve that issue.

## II. IMPOSITION OF LATE CHARGES

■ As we have said, Pennsylvania substantive law controls the disposition of the late charge issue presented here. Whether or not late charges can be imposed on a debtor for a failure to make monthly payments after a note has been accelerated is a question which appears not to have been answered by the Pennsylvania Supreme Court or any other Pennsylvania court. Consequently, we must predict how the Pennsylvania Supreme Court would resolve the question. *Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22, 24 (3d Cir.1986). We look elsewhere to see if the issue has been addressed.

While few courts have discussed this specific question, those reaching it have answered that late charges cannot be imposed after a lender has accelerated payment of a note. *See In re Tavern Motor Inn, Inc.*, 69 B.R. 138 (Bkrtcy.D.Vt.1987) (late charges cannot be imposed for failure to make monthly payments after lender accelerates principal debt) (applying Vermont law); *Crest Sav. & Loan Ass'n v. Mason*, 243 N.J.Super. 646, 581 A.2d 120 (Ct.Ch. Div.1990) (same) (applying New Jersey law); *Lenio Reis v. Decker*, 135 Misc.2d 741, 516 N.Y.S.2d 851 (Del. County Ct.1987) (same) (applying New York law).

In *In re Tavern Motor Inn, Inc.*, the court interpreted a provision which provided for a late charge upon the failure of the

borrower to make timely installment payments under a note. *In re Tavern Motor Inn, Inc.*, 69 B.R. at 141. The court stated that "[a]cceleration of the note obliges the debtor to pay the entire outstanding debt, vitiating the requirement of monthly installments." *Id.* The bank's witness testified there that the bank would not accept monthly payments after a default had been declared. *Id.* The court refused to allow the bank to take inconsistent positions, stating "[t]he bank may not deny the debtor the right under the mortgage note to make monthly installments and continue to insist on its own right under the note to impose monthly late charges." *Id.*

Security Mutual would have this court allow it to adopt the inconsistent positions rejected by the court in *In re Tavern Motor Inn, Inc.* We decline to do so. Rather, we find the analysis in *In re Tavern Motor Inn, Inc.* convincing and we believe the Supreme Court of Pennsylvania would reach the same conclusion.

Security Mutual relies on *Orix Credit Alliance, Inc. v. Pappas*, 946 F.2d 1258 (7th Cir.1991), to support the district court's allowance of the late charges after acceleration. However, we read the holding in *Orix Credit* to be based on lease agreements that specifically provided for late charges as an element of damages upon default. *Id.* at 1260. No such provision appears in the note here involved. Thus, *Orix Credit* offers no support for Security Mutual's position.

Security Mutual suggests that defendants could have avoided the late charges by making monthly payments notwithstanding the acceleration of the note. This argument is unsupported by either the above case law or the relevant provisions of the note. The note provides that in the event of default Security Mutual was free to declare "the entire principal sum then remaining unpaid together with interest and any other outstanding amounts remaining unpaid immediately due and payable." We read the quoted language to mean that

all outstanding amounts were due as of the date at which the declaration of default was made, here, when the complaint was filed. In consequence, defendants had no obligation to make monthly payments as such after Security Mutual declared a default and thereby accelerated the debt. Indeed, had Security Mutual accepted monthly payments after the acceleration it might well have waived the default. *Bell Fed. Sav. & Loan Ass'n of Bellevue v. Laura Lanes*, 291 Pa.Super. 395, 435 A.2d 1285, 1287 (1981).

Nor do the equities favor an interpretation of the note to cover late charges after the act of acceleration. Security Mutual's judgment included prejudgment interest at the rate of 12.25% per annum from March 1, 1991, through the judgment date, March 11, 1992. This interest certainly constitutes full compensation for any lost use of the funds during that period. Furthermore, the expense of collecting is fully covered within the note provision imposing attorneys' fees and costs of collection on defendants.[1]

We predict that the Pennsylvania Supreme Court would follow the decisions of those courts that have rejected the imposition of late charges for failure to make monthly payments after the acceleration of a note, at least in the absence of a provision providing otherwise. We will, therefore, reverse the judgment of the district court and remand with a direction to amend its judgment to exclude the late charges awarded for the period after the filing of the complaint.

### III. ATTORNEYS' FEES

■ Defendants also contest the district court's award of attorneys' fees. They assert that the court did not provide reasons and standards for its award. They point out that the court did not even hold a hearing and make factual findings as to the reasonableness of the fees requested.

■ In diversity cases, we apply state rules concerning the award of attorneys'

---

1. Security Mutual argues that the late charges are justified, at least for the time between the filing of the complaint and the granting of summary judgment, a period during which defendants were disputing the validity of the accelera-
tion itself and continuing to refuse to make payments. This contention fails under our analysis and the fact that the district court's award of prejudgment interest includes that period.

fees. *Montgomery Ward & Co. v. Pacific Indem. Co.*, 557 F.2d 51, 56 (3d Cir.1977) (citing *People of Sioux County, Neb. v. National Surety Co.*, 276 U.S. 238, 243, 48 S.Ct. 239, 240–41, 72 L.Ed. 547 (1928)). While *Montgomery Ward* considered whether or not state law creating or denying the right to attorneys' fees controls in a diversity action, and held that it did, similar principles designed to prevent forum shopping and to uphold the rationale of *Erie* require that the method of determining attorneys' fees also be governed by state law.

■ The determination of the award of attorneys' fees is within the sound discretion of the trial judge, and will not be overturned absent an abuse of discretion. Pennsylvania courts have, however, refused to affirm an award of attorneys' fees absent an explanation by the lower court of the basis for the award. *Croft v. P & W Foreign Car Serv., Inc.*, 383 Pa.Super. 435, 557 A.2d 18, 20 (1989) (remanding, in part, due to the trial court's failure to explain the basis for its fee award); *In re Estate of Brockerman*, 332 Pa.Super. 88, 480 A.2d 1199 (1984) (reversing and remanding where Orphan's Court failed to explain basis for award of additional attorneys' fees and record was insufficient to support award). *See In re Baker's Estate*, 485 Pa. 218, 401 A.2d 737, 739 (1979) (appellate court will not overturn lower court's award where findings of fact have evidentiary support).

Defendant requested discovery regarding attorneys' fees. The district court implicitly denied this request by approving the second proposed form of judgment submitted by Security Mutual. As has been noted, it conducted no hearing and made no findings of fact as to the reasonableness of the fees requested and gave no statement as to the standard governing its award. Thus, we cannot adequately review the reasonableness of the action of the district court in awarding counsel fees under the circumstances. We conclude that its action was not consistent with a sound exercise of discretion under Pennsylvania law.

Its award must therefore be vacated and the matter remanded for disposition in accordance with this opinion.

## IV. CONCLUSION

The judgment of the district court will be reversed and the case remanded to the district court with directions to amend the judgment to delete the late charges for the period after the filing of the complaint. The provision in the judgment allowing attorneys' fees will be vacated and the matter remanded for further proceedings consistent with this opinion.