**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1724-17T2

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CREDIT SUISSE FIRST
BOSTON MORTGAGE
SECURITIES CORP., HOME
EQUITY ASSET TRUST 2006-1,
HOME EQUITY PASS-THROUGH
CERTIFICATES, SERIES 2006-1,

     Plaintiff-Respondent,

v.

CAROLYN BAILEY,

     Defendant-Appellant,

and

SPRINGLEAF FINANCIAL
SERVICES, INC.,

     Defendant.

_____

Argued telephonically February 12, 2019 –
Decided June 17, 2019

Before Judges Hoffman, Suter and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-020645-14.

Carolyn Bailey, appellant, argued the cause pro se.

Siobhan A. Nolan argued the cause for respondent (Reed Smith, LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendant Carolyn Bailey appeals a December 1, 2017 order of the Chancery Division that denied her motion to void a final judgment of foreclosure. We affirm.

I

Within a year of executing a $207,000 note and mortgage to Columbia Home Loans, LLC (Columbia), to refinance her home, defendant defaulted on the loan. Columbia assigned the mortgage to Wells Fargo, N.A. (Wells Fargo), which later assigned it to plaintiff U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-1, Home Equity Pass-Through Certificates, Series 2006-1.

Wells Fargo filed a foreclosure complaint against defendant in 2006, but it was dismissed in 2013 without prejudice for lack of prosecution. Plaintiff's servicer sent defendant a Notice of Intention to foreclose (NOI) that explained

to her that, although she was in default because she had not made the required payments, she could bring the mortgage current by paying the delinquency of $175,528.15. This amount included monthly late charges totaling $5908.32; it did not include the property taxes or insurance premiums that the lender had advanced. She could pay this amount "[t]o avoid the possibility of acceleration."

Defendant did not pay, and in May 2014, plaintiff filed a complaint for foreclosure.[1] Subsequently, plaintiff's motion for summary judgment was granted, striking defendant's answer and counterclaims, which then allowed the case to proceed as an uncontested foreclosure. Defendant filed opposition to plaintiff's application for the entry of a final judgment, but her opposition was denied. A final judgment of foreclosure was entered on August 1, 2017, for $455,489.52, of which $266,597.49 was principal and $5832 were late fees.

Defendant did not appeal the final judgment. Instead, she filed a motion to void the final judgment as premature. In that motion, defendant argued the final judgment was prematurely entered because she did not have enough time, once her opposition to the judgment was denied, to ask for reconsideration or to appeal. She said she recently obtained "newly discovered evidence" consisting

---

[1] An amended complaint and contesting answer with counterclaims were filed shortly after.

A-1724-17T2

of a copy of her loan account history that showed "obvious and significant discrepancies." She continued "to research" an issue raised when she objected to entry of the judgment. Specifically, she argued that late fees and pre-judgment interest should not have been included in the judgment after Wells Fargo filed the first foreclosure complaint, because that filing accelerated the mortgage, making it improper then to include late fees and interest.

The trial court denied defendant's motion on December 1, 2017, finding that the loan account history was not newly discovered evidence. The late fee and pre-judgment interest issues had been rejected by the court when defendant raised them in her objection to entry of the final judgment. The loan account history did not add anything material to the issues. She could have obtained the information earlier. The court concluded that plaintiff could charge late fees up to the filing of its foreclosure complaint in 2014 because that complaint, not the earlier complaint by Wells Fargo, accelerated the debt. The court explained "the debt was decelerated when the [Wells Fargo] foreclosure action was dismissed," and that was evidenced by the fact that "prior to the filing of [the 2014] complaint, [p]laintiff had not treated the debt as accelerated and was willing to accept less than the full amount they were owed at the time to prevent

4

foreclosure."  The court determined that pre-judgment interest could be assessed by plaintiff up to the date of the final judgment.

Defendant appeals the December 1, 2017 order, not the final foreclosure judgment.  She argues on appeal that the court abused its discretion by ruling that the accrual of late fees and interest on those fees did not stop once the balance due on the loan was accelerated.[2]  She questioned "whether acceleration of the balance due on a loan in default, without an affirmative de-acceleration, is disrupted or 'reset' because of an administrative dismissal for failure to prosecute."  Defendant contends the final judgment of foreclosure was void because it was prematurely entered.  She also asserts she was denied due process by the three-month delay in hearing her motion to void the judgment.

II

We review the trial court's order denying defendant's Rule 4:50-1(b) motion to void the final judgment of foreclosure under an abuse of discretion standard.  Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); United

---

[2]  Defendant does not contend that the assessment of pre-judgment interest was improper.  Because this issue was not raised in her merits brief, it is deemed waived.  Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in merits brief are deemed abandoned); see Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

A-1724-17T2

States v. Scurry, 193 N.J. 492, 503 (2008). We give substantial deference to the trial court's determination and will not reverse it "unless it represents a clear abuse of discretion." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009) (quoting Little, 135 N.J. at 283). An abuse of discretion occurs when the decision of the trial court has "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Defendant contends the court should have granted her request to void the judgment because the loan account history, which showed details about the late fees, was newly discovered evidence under Rule 4:50-1(b). We discern no abuse of discretion by the trial court in rejecting this argument.

"To obtain relief from a judgment based on newly discovered evidence, the party seeking relief must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" DEG, 198 N.J. at 264 (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)). "All three requirements must be met." Ibid.

A-1724-17T2

Information about the late fees was provided to defendant well in advance of the final judgment in 2017. The NOI mailed to defendant in 2014 listed late fees of $5908.32 calculated at $75.94 per month. Plaintiff included late fees again when it made its' application for a final judgment.[3] Its supporting certification listed $5832.38 in late fees, calculated at $75.94 per month. Defendant objected to the late charges, raising the same arguments she subsequently made in her motion to void the final judgment as premature. The trial court rejected defendant's objections, finding that plaintiff was entitled to late charges and post-default interest.

The loan account history does not provide any materially new information about the late fees. At most, the numbers vary by a few dollars. Defendant does not argue that the loan account history materially affected her argument about the late fees. She is not contending that she exercised due diligence or that she was unable to obtain this information at an earlier date. The information is at best cumulative. Evidence that merely "attempt[s] to remedy a belated realization of the inaccuracy of an adversary's proofs" is insufficient to warrant vacating a judgment under Rule 4:50-1(b). DEG, 198 N.J. at 264 (quoting Posta

---

[3] Plaintiff filed an application for judgment in December 2016, but was required to re-serve it. It was re-served in May 2017.

v. Chung-Loy, 306 N.J. Super. 182, 206 (App. Div. 1997)). Thus, there was no abuse of discretion by the trial court's denial of defendant's motion to void the final judgment.

Defendant did not appeal the August 1, 2017 final judgment of foreclosure. Her notice of appeal listed the December 1, 2017 order. An appeal is limited to those judgments or orders, or parts thereof, designated in the notice of appeal. Pressler & Verniero, cmt. 6.1(e)(1) on R. 2:5-1; see Campagna v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider a challenge to an order not listed in the notice of appeal). Accordingly, we decline to address issues raised about the final judgment. We further note defendant's notice of appeal was filed long after the time permitted to appeal from the final judgment.[4] See R. 2:4-1(a).

Defendant had ample time to appeal the final judgment of foreclosure. She acknowledged having a copy of the final judgment by August 5, 2017, just a few days after it was entered. The final judgment of foreclosure could be entered once the objection to the amount due was resolved by the court. There

---

[4] In oral argument, plaintiff's counsel advised that the property has been sold, that no deficiency action has been filed and none was contemplated.

is no requirement to delay the judgment long enough for defendant to file a motion for reconsideration.

To the extent the trial court addressed the acceleration issue in its December 1, 2017 order under appeal, we agree with the trial court that late charges were properly included. In Crest Sav. & Loan Ass'n v. Mason, 243 N.J. Super. 646, 647-48 (Ch. Div. 1990), the plaintiff wanted to assess late charges for mortgage payments claimed to be due after the foreclosure complaint was filed. In holding that late charges could not be collected, the court explained that once the foreclosure complaint was filed, the plaintiff accelerated "payment of the debt and repudiated the right of [the] defendants to make installment payments." Id. at 649. There then would be "no basis for allowing [the] plaintiff compensation for administrative expenses in connection with alleged late payments." Ibid.; see State Mut. Bldg. and Loan Ass'n of New Jersey v. Batterson, 77 N.J.L. 57, 59 (Sup. Ct. 1908) (providing that "fines should cease with the commencement of the foreclosure suit"). Crest did not involve a foreclosure complaint that was previously dismissed.

The final judgment was based on the foreclosure complaint that plaintiff filed in 2014. Not only had the Wells Fargo complaint been dismissed by that time, but plaintiff's servicer sent an NOI to defendant that made it clear

defendant could cure her default by paying a specified amount. This was not the full amount of plaintiff's claim. It did not include the property taxes or homeowners insurance that plaintiff advanced. The NOI also stated that payment was necessary to "avoid the possibility of acceleration." On this record, the trial court did not err by concluding that the loan was not accelerated at the time plaintiff filed its foreclosure complaint in 2014, and that plaintiff was not precluded from assessing late fees.

After carefully reviewing the record and the applicable legal principles, we conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION