SHADHALI, INC. *v.* SIRVART K. HINTLIAN ET AL.
(14360)

Dupont, C. J., and Lavery and Spear, Js.

Submitted on briefs January 9—officially released April 30, 1996

*Richard P. Weinstein* and *Peter B. Rustin* filed a brief for the appellants (defendants).

*Timothy Sheehan* filed a brief for the appellee (plaintiff).

LAVERY, J. This is an action to foreclose a mortgage brought by the plaintiff who is the assignee of a promissory note executed by the defendants. The defendants, Sirvart K. Hintlian and John Hintlian, appeal from the judgment of strict foreclosure rendered in favor of the plaintiff. On appeal, the defendants claim that the trial court improperly (1) relied solely on hearsay evidence concerning the amount of the debt, (2) found that the plaintiff had accelerated the note, (3) allowed late charges for a period after the note was accelerated, in calculating the amount of the debt, and (4) admitted an appraisal offered by the plaintiff that does not comport with the requirements of § 20-328-29 of the Regulations of Connecticut State Agencies.[1] We agree with the defendants that the trial court improperly awarded late charges for a period after the note was accelerated. We, therefore, reverse the judgment of the trial court and remand for further proceedings.

The trial court found the following facts. On February 16, 1989, the defendants executed a $450,000 promissory note payable to Northeast Savings, F.A. (Northeast). The note was secured by a mortgage on property in Wethersfield. On May 14, 1993, Northeast assigned the note to the plaintiff for a payment of $446,570.26. As of that date, the principal balance due on the note was $435,620 and the defendants' total obligation was $446,570.26. Since the date of assignment, the defend-

---

[1] Section 20-328-29 of the Regulations of Connecticut State Agencies was repealed on May 18, 1994.

ants have made no payments on the note and have failed to pay real estate taxes due to the town of Wethersfield.

The trial court rendered judgment of strict foreclosure and found that the fair market value of the property was $415,000. The trial court also found that the total amount of the debt on the note was $559,341.59.[2] As part of that debt, the trial court awarded $3831.68 to the plaintiff representing late fees from May, 1993, to the date of trial.

I

The defendants claim that the trial court did not have sufficient evidence to determine the principal amount due on the note. The defendants argue that the trial court relied solely on two documents, an adjustment sheet and a computer printout, to determine the amount due on the note, both of which were inadmissible hearsay. We conclude that the trial court did not abuse its discretion by admitting the adjustment sheet and the computer printout as evidence of the principal due on the note.

Unless the adjustment sheet and computer printout come within an exception to the hearsay rule, the documents are inadmissible because they are out-of-court statements offered to establish the truth of the facts contained in the statements. *State* v. *Sharpe*, 195 Conn. 651, 661, 491 A.2d 345 (1985); *Central Bank* v. *Colonial Romanelli Associates*, 38 Conn. App. 575, 580, 662 A.2d 157 (1995). The trial court admitted both documents under the business records exception to the hearsay rule. See General Statutes § 52-180 (a).[3] "General Stat-

---

[2] The trial court included the following amounts when calculating the debt: $446,570.25 (debt at time of assignment), $65,610.05 (interest), $3831.68 (late charges) and $43,329.60 (taxes).

[3] General Statutes § 52-180 (a) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds

utes § 52-180 permits hearsay evidence to be admitted if (1) [the] writing was made in the regular course of business, (2) it was the regular course of the business to make such a writing, and (3) the writing was made at the time of the transaction or occurrence or within a reasonable time thereof. *State* v. *Scott*, 31 Conn. App. 660, 665, 626 A.2d 817 (1993). To qualify a document as a business record, the party offering it must present a witness who testifies that these three requirements have been met. *State* v. *Lawler*, 30 Conn. App. 827, 831–32, 622 A.2d 1040 (1993). The trial court has discretion to determine whether the statute is satisfied and appellate courts must construe the statute liberally when reviewing abuse of discretion. *State* v. *Scott*, supra [665]; *State* v. *Lawler*, supra [832]." *Connecticut Bank & Trust Co., N.A.* v. *Reckert*, 33 Conn. App. 702, 709–10, 638 A.2d 44 (1994).

"The witness whose testimony provides the foundation for the admission of a business record must testify to the three statutory requirements, but it is not necessary that the record sought to be admitted was made by that witness or even that the witness have been employed by the business at the time the record was made. . . . Section 52-180 does not require that a business record be prepared by an organization itself in order to be admissible as a business record of that organization. . . . If, however, the organization does not prepare the document itself, then the entrant must have a duty to that organization to prepare the record in order for it to be admissible under § 52-180." (Citations omitted.) *River Dock & Pile, Inc.* v. *O & G Industries, Inc.*, 219 Conn. 787, 794–95, 595 A.2d 839 (1991).

We hold that the trial court did not abuse its discretion by admitting the adjustment sheet and the com-

that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

puter printout pursuant to the business records exception to the hearsay rule. At trial, Raj Shah, vice president of the plaintiff corporation, testified that it was the business of the plaintiff corporation to invest in properties. Shah stated that an adjustment sheet is a document customarily prepared for a real estate closing and that the adjustment sheet here was prepared in the regular course of the closing between Northeast and the plaintiff contemporaneously with the transaction. Stephen Henderson, vice president of Northeast, testified that the computer printout was made in the regular course of business, that it was the regular course of business for Northeast to keep such records, and that the records were made contemporaneously with payments made by the defendants. Henderson's testimony also indicated that he was familiar with the procedures by which Northeast enters data into its computer system. See *Shawmut Bank Connecticut, N.A.* v. *Connecticut Limousine Service, Inc.*, 40 Conn. App. 268, 276–77, 670 A.2d 880 (1996). We conclude that it was not an abuse of discretion for the trial court to admit the adjustment sheet and the computer printout pursuant to § 52-180.

## II

The defendants also claim that the trial court should not have assessed late charges against them through the date of trial. They claim that late charges could be assessed only until the day on which the notes were accelerated. We agree.

The applicable language of the note states that "[t]he maker agrees to pay a late charge equal to five percent (5%) of any monthly installment of principal and interest not received by the holder hereof within fifteen days of the monthly installment due date." The trial court concluded that the plaintiff is entitled to late charges accruing after acceleration because the amount

requested by the plaintiff is within a commercially reasonable range. The court awarded the plaintiff $3831.68, which represented the late fees from May, 1993, until the date of trial.

In *Federal Deposit Ins. Corp.* v. *Napert-Boyer Partnership*, 40 Conn. App. 434, 443, 671 A.2d 1303 (1996), this court held that a plaintiff may not recover late charges once the note has been accelerated and demand for payment has been made on the defendants. In that case, this court adopted the reasoning of the United States District Court for the District of Connecticut, which stated that "while a note may provide for a lender to collect late charges when an installment is not received by a due date, those installments are no longer 'due' after the lender has accelerated the note and made demand upon the borrower." *Federal Deposit Ins. Corp.* v. *M.F.P. Realty Associates*, 870 F. Sup. 451, 455 (D. Conn. 1994). We find that reasoning equally applicable to the facts of this case.

Although there is not a finding by the trial court of the date of acceleration, it had to be, at the very latest, in June, 1993, when this action was commenced. We conclude, therefore, that the trial court improperly assessed late charges against the defendants after demand for full payment was made on the note. On remand, the plaintiff is entitled to late fees only up to the date of acceleration, if proven. If the date of acceleration cannot be proven, the plaintiff is entitled to late fees up to the date on which the defendants were served with the complaint, as that is notice of acceleration.

We have carefully reviewed the remaining claims raised by the defendants and conclude that they are without merit.

The judgment is reversed only as to the use of late charges in calculating the debt and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.