[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING
In this trial on remand from the Supreme Court, the plaintiff seeks to introduce documents to prove default on the note. There is no dispute that the underlying debt exists. The plaintiff's witness to introduce these documents is Sylvia Reid who was a Vice President and Collections Manager of the original mortgagee, New England Savings Bank. While this action for foreclosure was originally brought in 1992, in 1993, New England Savings Bank failed and was placed in receivership by the Federal Deposit Insurance Corporation, and the subject mortgage has been assigned several times to date. The plaintiff is now Alaska Seaboard Partners Limited Partnership.
The plaintiff seeks to introduce the documents as business records under § 52-180[1]. Exhibits 11 and 12[2] are computer printouts representing Annual Loan Statements on the subject debt, and Exhibit 14a is a Loan Payoff Statement with an original signature attached to Fax cover sheet (Exh. 14). According to Ms. Reid, documents like these were generated by the Operations Department of New England Savings Bank.
Sylvia Reid, who appeared by subpoena, testified that in 1993 she was the collections manager for New England Savings Bank. She recalled testifying in this case in May 1993 in that capacity. She also recalled being asked to do so approximately two weeks prior to the hearing. That was her first involvement with the subject debt. When presented with Exhibits 14 and 14a, Ms. Reid could not identify the handwriting on the fax cover sheet nor could she identify the signature on the loan payoff statement. She did not know how Exhibits 14 and 14a came to the courtroom. She testified that the practice of faxing a loan payoff statement was not consistent with her practice at the time. She could not CT Page 6911 recall previously seeing Exhibits 14 and 14a. Nevertheless, she testified that such loan payoff statements were generally prepared for litigation from the Operations Department and were generally accurate in her experience.
As to Exhibits 11 and 12, these documents, like Exhibit 14a, were purportedly prepared by the Operations Department, which was a department she did not work with regularly. While she testified that the policy of the bank was to record payments promptly and that there was a double check of debt analysis, she had no knowledge of how the Operations Department posted payments.
Based upon Ms. Reid's testimony, the court cannot find that the plaintiff has met the first requirement of General Statutes § 52-180, that these documents were made in the ordinary course of business. As to Exhibits 11 and 12, Ms. Reid could not testify that she was personally familiar with the posting of the payments in the computer system run by the Operations Department.Shadhali, Inc. v. Hintlian, 41 Conn. App. 225, 229 (1996);Shawmut Bank Connecticut v. Conn. Limousine Serv., 40 Conn. App. 268,276 (1996); citing American Oil Co. v. Valenti, 179 Conn. 349,360-361 (1979)("The witness must be a person who is familiar with computerized records not only as a user but also as someone with some working acquaintance with the methods by which such records are made."); see also Central Bank v. Colonial RomanelliAssociates, 38 Conn. App. 575, 579-580 (1995). As to Exhibit 14, a document prepared from computer generated data, Ms. Reid could not identify the signature on the loan payoff statement. She testified that during her employment at New England Savings Bank she would telephone and request such payoff statements, but she could not remember doing so in this case. Despite the plaintiff's counsel's dogged and careful questioning, Ms. Reid's recollection was simply not refreshed. Accordingly, Exhibit 14, a document prepared for litigation based upon computer generated data and signed by an unknown individual, lacks the trustworthiness of a business record. Bell Food Services, Inc. v. Sherbacow, 217 Conn. 476,485-486 (1991).
As the plaintiff notes, this case presents a common difficulty of our present day foreclosure actions. Many banks have gone into receivership and mortgages frequently have been assigned again and again. The original employees handling the loan are not always available or willing to testify. The Supreme Court in this case addressed that issue at 238 Conn. at 756, note 9. Unfortunately for the plaintiff here, while Ms. Reid was CT Page 6912 available, her testimony simply could not support a sufficient foundation under General Statutes § 52-180 to admit these documents. The court notes that in Ms. Reid's original May 1993 testimony referred to by the Supreme Court, 238 Conn. at 748, she testified that "she had prepared the affidavit from bank records and that the amounts in the affidavit were accurate. "In her testimony before this court in 1996 she did not testify to such facts. She could not recall determining the amount of principal from the computer records maintained by the operations department, and she could not recall ever seeing Exhibits 14 and 14a before. "In the absence of personal knowledge of a document, a witness' statements about a document are hearsay."238 Conn. at 757.
The objections to Exhibits 11, 12, 14 and 14a are sustained.
DiPentima, J.