[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial the court finds that the defendant, Jana Cole, is the owner of Unit 4 of Colonial Court Condominiums, 52 Oak Street, Manchester, Connecticut. That unit is subject to the terms and conditions of the Declaration of Colonial Court Condominiums, Manchester, Connecticut (the "Declaration"). Pursuant to the Declaration common charges were assessed against the defendant's unit in the amount of $169.06 per month. The defendant failed to pay the assessment due on February 1, 1995 and on every other month thereafter through April, 1996 when this suit was commenced. She also failed to pay monthly common charges for the months subsequent to the commencement of this action and the plaintiff seeks to recover those amounts in this suit.
The defendant has made payments for some months since the commencement of the action, but the total amount due from her for monthly common charges is $4063.38, of which $1,014.36 constitutes a priority lien under Connecticut General Statutes § 47-258.
The defendant claimed that she was displeased with the manner in which the plaintiff was maintaining the condominium complex in which her unit is located and stopped paying her monthly assessments because she believed that she was paying for services which she was not receiving. However, the monthly assessment included heat and hot water. Moreover, the plaintiff presented evidence that the amounts expended in snow removal, lawn care, insurance, heat, hot water and other services provided to the condominium complex exceeded the total amount of the assessments CT Page 12881 for all condominiums in the complex.
The defendant filed a counterclaim in which she seeks repayment for the amount of $1195 to fix a sliding glass door and windows in her condominium. While the windows are defined as common elements in the Declaration, and, therefore, their repair and maintenance is the responsibility of the plaintiff, the defendant presented no evidence of any written demand made upon the plaintiff to fix the door and windows. The contract for the repair to the doors and windows was signed more than a year after the commencement of this lawsuit, and only several months before the trial of this case. Moreover, the defendant presented no evidence that she had actually paid the foregoing amount.
The Declaration does not authorize the self help engaged in by the defendant. After failing to pay her common charges for more than a year, and thereby leaving the plaintiff short of funds necessary for common expenses, it was not reasonable for the defendant to incur the foregoing expense, or to expect the plaintiff to pay for it.
Unfortunately, the defendant's dissatisfaction with the plaintiff's operation of her condominium complex stemmed from her misconception about the responsibilities of individual unit owners. Many of the plaintiff's alleged deficiencies were really deficiencies of other unit owners. For example, the Declaration provides that individual owners must clear snow and ice from their porch areas. The defendant pointed to the failure to remove such snow and ice as an example of the plaintiffs mismanagement.
The plaintiff seeks to recover late fees in an amount exceeding 1000 dollars pursuant to Section 9.3 of the Rules of Colonial Court Condominiums, which provides for a late fee of $15 for any common charge which is more than ten days late. "which charge shall double thirty days thereafter and increase by Fifteen Dollars each thirty days thereafter until such overdue Common Expense is paid." The Courts of this state have not allowed the recovery of late charges which become due after a note is accelerated. Shadhali, Inc. v. Hintlian,41 Conn. App. 225, 230, 675 A.2d 3 (1996). The present case does not involve acceleration of a note. Nevertheless, the imposition of an escalating late fee certainly runs afoul of the prohibition against imposing penalties for breach of Contract. St. Margaret'sMcternan School v. Thompson, 31 Conn. App. 594, 597, 626 A.2d 449
(1993). Therefore, the court awards late fees for each unpaid CT Page 12882 common expense for the period before the plaintiff instituted this action, or $210. The court also awards $1500 in attorney's fees and a title search fee of $150.
Judgment of foreclosure may enter in favor of the plaintiff against the defendant.
The court will find the fair market value of the property, determine whether the foreclosure should be by sale or strict and set law days or a sale date at a subsequent hearing. By the court,
Aurigemma, J.