JERRY FREDERICK, Plaintiff-Appellant, v. PROFESSIONAL TRUCK DRIVER TRAINING SCHOOL, INC., Defendant-Appellee.

First District (1st Division)   No. 1—00—3962

Opinion filed March 4, 2002.

Brian J. McManus, Thomas J. Loucks, and Brian J. McManus, Jr., all of Brian J. McManus & Associates, Ltd., of Chicago, for appellant.

John J. Meehan, of Law Offices of John J. Meehan, of Chicago, for appellee.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Plaintiff Jerry Frederick filed suit against defendant Professional Truck Driver Training School, Inc., seeking recovery for injuries sustained when plaintiff slipped and fell exiting a semi-truck while participating in defendant's driver training program. The trial court granted defendant's motion for summary judgment and plaintiff appealed. On appeal, plaintiff argues that the trial court erred in granting summary judgment in favor of defendant where defendant owed a duty to plaintiff either to remove the snow and ice that accumulated on the bottom step of the semi-truck or warn plaintiff of its presence. In support of this argument, plaintiff asserts: (1) the snow and ice on the step were an unnatural accumulation; (2) defendant had a statutory duty to provide a safe vehicle for training; (3) defendant voluntarily assumed a duty to remove the snow and ice from the step and either failed to remove it or removed it negligently; and (4) defendant

had a contractual duty to remove snow and ice from the step . For the reasons set forth below, we affirm.

## BACKGROUND

On December 2, 1996, plaintiff was participating in his second day of training at defendant's truck driving school. On this particular day, classes were conducted outside in the "yard" where each student was to take a turn climbing into the cab of the truck, placing the truck into gear, driving the truck forward, backing the truck up and then exiting the truck.

Plaintiff climbed into the cab of the truck without incident. Plaintiff proceeded to shift the truck into gear, drive the truck forward and back the truck up two or three times. When he concluded the exercise, plaintiff shifted the truck into park and began to exit the truck. Plaintiff opened the driver's side door and placed both of his feet on the top step while holding the handrails on either side of the door. Plaintiff then stepped onto the bottom step with his right foot and slipped on ice and snow that had accumulated on the step. Plaintiff's left foot was still on the top step when he fell backward, twisting his body to the right and injuring his left knee.

On April 13, 1998, plaintiff filed a one-count complaint alleging that defendant carelessly and negligently:

"a. failed to remove packed snow and ice from the steps of one of its training trucks prior to instigating training on said vehicle;

b. permitted an unnatural accumulation of snow and ice to remain on one of its training trucks for a long period of time when the same presented a hazard for all those lawfully entering and exiting said training truck;

c. failed to warn its students of the dangerous and unsafe condition of the steps on the training truck whose steps were in an unsafe condition for entering and exiting;

d. failed to apply salt and other non-slip substances to the unnatural accumulations of snow and ice on the steps of said training truck in a timely fashion; [and]

e. failed to report the dangerous condition of said training truck to those persons who had maintenance responsibilities for said training truck in order that said steps could be made safe for use."

Defendant subsequently filed an answer denying each allegation of negligence made by plaintiff in his complaint and asserting the affirmative defense of contributory negligence.

On January 31, 2000, defendant filed a motion for summary judgment arguing that it owed no duty to plaintiff and asserting that the accumulation of ice and snow on the truck's bottom step was "natural." Copies of pertinent portions of plaintiff's deposition were attached to the motion.

In response to defendant's motion for summary judgment, plaintiff alleged that defendant owed a duty to plaintiff because: (1) the accumulation of ice and snow on the truck's bottom step was "unnatural"; (2) defendant entered into a contract with plaintiff agreeing to provide "supervision"; and (3) section 6—410 of the Illinois Vehicle Code (625 ILCS 5/6—410 (West 2000)) and section 1060.110 of the Illinois Administrative Code (92 Ill. Adm. Code § 1060.110 (1996)) required defendant to provide a safe vehicle for its students to use during training.

The trial court entered an agreed order granting defendant leave to file a reply brief. On April 11, 2000, defendant filed a reply to plaintiff's response to its motion for summary judgment arguing that: (1) plaintiff failed to present evidence establishing that the snow and ice on the truck step were created by "something other than the falling snow or the boots of the students"; (2) the enrollment contract did not create a duty to remove unnatural accumulations of snow or ice because the contract failed to address premises liability; and (3) the statutes cited by plaintiff in his response did not create a duty to remove natural accumulations of snow or ice because the statutes pertain to the mechanics of a truck and there is no issue that a mechanical condition caused plaintiff to slip and fall.

On June 1, 2000, the trial court conducted a hearing on defendant's motion for summary judgment. After hearing both parties' arguments, the trial court granted defendant's motion for summary judgment. In rendering its decision, the trial court found that it was undisputed that the cause of the plaintiff's fall was an accumulation of ice or snow on the step. The trial court found, however, that plaintiff failed to present any evidence, even by reasonable inference, that "it was not a natural accumulation." The trial court also found that plaintiff failed to present any evidence that defendant owed plaintiff a contractual duty to remove ice and snow. According to the trial court, "[t]he student enrollment agreement [said] nothing about snow removal or even the upkeep of the premises." The trial court made no finding whether a statutory duty was created pursuant to the Illinois Vehicle Code or the Administrative Code.

Plaintiff filed a motion to reconsider, which the trial court denied on October 19, 2000. This appeal followed.

## ANALYSIS

■ The issue presented on appeal is whether the trial court erred in finding that defendant owed no duty to plaintiff to remove what it determined to be a natural accumulation of ice and snow on the steps of the semi-truck and consequently granting summary judgment in

favor of defendant. Our review of the circuit court's grant of summary judgment is *de novo. Natale v. Gottlieb Memorial Hospital*, 314 Ill. App. 3d 885, 888 (2000). Summary judgment is properly granted where "the pleadings, depositions, admissions, and affidavits on file, when taken together in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Freemont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.*, 317 Ill. App. 3d 67, 73 (2000). "In deciding whether to grant summary judgment, a court shall construe the pleadings, affidavits, depositions, admissions, and exhibits strictly against the movant and liberally in favor of the opponent." *Fillpot v. Midway Airlines, Inc.*, 261 Ill. App. 3d 237, 241 (1994). Summary judgment is a "drastic means of disposing of litigation." *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). "Therefore, where reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." *Espinoza*, 165 Ill. 2d at 114.

■ "[T]he question of whether a duty has been breached is a factual one, left to the trier of fact to resolve." *Fillpot*, 261 Ill. App. 3d at 241. However, the "question of whether a duty exists is a question of law, and where no duty exists, summary judgment is proper because there is no possible recovery for plaintiff as a matter of law." *Ordman v. Dacon Management Corp.*, 261 Ill. App. 3d 275, 278 (1994).

### 1. Natural v. Unnatural Accumulation

Plaintiff first argues that a question of fact exists as to "whether the snow on the step was a result of an unnatural accumulation which occurred over time." According to plaintiff, his testimony, the weather records he presented and "logic" demonstrate that the condition of the step on the day of the accident could not have been the result of any natural "climatic conditions." Based on this assertion, plaintiff concludes that the snow must have accumulated on the semi-truck steps over a long period of time, thus making the accumulation "unnatural."

■ It is well established that "natural accumulations of ice and snow, which were not caused or aggravated by the business or property owner, are not a basis for liability." *Serritos v. Chicago Transit Authority*, 153 Ill. App. 3d 265, 269 (1987). "Consequently, the owner of a business has no duty to remove or take other precautions against dangers inherent in natural accumulations of snow and ice." *Serritos*, 153 Ill. App. 3d at 269. "To establish a duty, the plaintiff must make an affirmative showing of an unnatural accumulation or an aggrava-

tion of a natural condition before recovery will be allowed." *Choi v. Commonwealth Edison Co.*, 217 Ill. App. 3d 952, 957 (1991). "In the absence of such a showing, summary judgment for defendant is appropriate since the court owes no duty to reason some remote factual possibility." *Shoemaker v. Rush-Presbyterian-St. Luke's Medical Center*, 187 Ill. App. 3d 1040, 1043 (1989).

Plaintiff has failed to present any "evidentiary facts or material" to show that the ice and snow upon which he slipped were of unnatural origin. *Shoemaker*, 187 Ill. App. 3d at 1043. In fact, plaintiff's own deposition testimony demonstrates that he has no idea how the snow accumulated on the step or how long it had been present on the step:

"Q. Do you know how the snow got to be on this bottom step?
[Plaintiff]: No.
Q. Do you know how long this packed on snow was present on the bottom step?
[Plaintiff]: No."

Despite this admission, plaintiff directs our attention to the weather records, attached as an exhibit to his deposition, to support his assertion that the accumulation was "unnatural." The record contains a report prepared by Compu-Weather Experts, Inc., outlining the weather conditions in Chicago from November 30, 1996, to December 2, 1996, the date of the accident. The report indicates that two days before the accident, no snow or ice covering was present. On the day before the accident approximately 0.5 inches of snow fell resulting in less than 0.1 inch of snow and ice cover at the end of the day. No precipitation occurred on the day of the accident. According to plaintiff, this report demonstrates that there was not enough snow on the day of the accident to "cover the entire step with packed down ice" and therefore the condition of the step "was not the result of the natural accumulation of snow and ice but rather a build-up of snow and ice which occurred as a result of the use of the truck in the business of defendant over a period of time."

■ Plaintiff attempts to construct an exception to the natural accumulation rule where none exists. Our case law places the burden on the plaintiff to present competent evidentiary matter showing that the snow, ice or water he slipped on was the result of an unnatural accumulation or an aggravation of a natural condition. *Shoemaker*, 187 Ill. App. 3d at 1043. Plaintiff has failed to present any competent evidentiary matter showing how the snow accumulated on the step or the length of time it was present. An assertion based solely on speculation is not enough to raise a genuine issue of material fact. *Finn v. Dominick's Finer Foods, Inc.*, 244 Ill. App. 3d 278, 281 (1993); *Crane v. Triangle Plaza, Inc.*, 228 Ill. App. 3d 325, 331 (1992).

Furthermore, a natural accumulation of ice and snow does not "logically" transform into an "unnatural" one simply by the passage of time. If we were to adopt plaintiff's "logic" asserting otherwise, the burden that Illinois case law has placed on plaintiff would be nonexistent. Plaintiffs would only have to provide evidence that the snow and ice accumulated over some indefinite period of time in order to recover. This is clearly not the law in Illinois. We decline plaintiff's invitation to fashion a "time" exception to the natural accumulation rule and find that his argument lacks merit. The facts in the instant case mandate our finding that plaintiff slipped and fell on a natural accumulation of snow and ice. Summary judgment on this basis was properly granted. *Choi v. Commonwealth Edison Co.*, 217 Ill. App. 3d 952, 957 (1991).

## 2. Statutory Duty

■ Plaintiff next argues that section 6—410 of the Illinois Vehicle Code (625 ILCS 5/6—410 (West 2000)) (Vehicle Code) and section 1060.110 of the Illinois Administrative Code (92 Ill. Adm. Code § 1060.110 (1996)) (Administrative Code) impose a duty on defendant to provide safe vehicles for its students to use during training.

We find both statutes irrelevant with respect to whether *defendant* owed a duty to plaintiff either to remove the snow and ice that accumulated on the bottom step of the semi-truck or warn plaintiff of its presence. Section 6—410 of the Vehicle Code places a duty on the *Illinois Department of Transportation* to "inspect[ ] *** all motor vehicles used for driver training" (625 ILCS 5/6—410 (West 2000)), and the Administrative Code provides the *Illinois Department of Transportation* with a checklist to be used while conducting its "Safety Inspection of Driver Training School Motor Vehicles" (92 Ill. Adm. Code § 1060.110 (1996)). Neither statute places a duty on the *driver training school* to conduct safety inspections of the motor vehicles it uses for training purposes.

Furthermore, we agree with defendant that even if the statutes placed a duty on defendant to conduct safety inspections of its training vehicles, this would not include inspecting and removing natural accumulations of snow and ice from the vehicles' steps. The Vehicle Code provides that all motor vehicles used for driver training be in "safe *mechanical* condition." (Emphasis added.) (625 ILCS 5/6—410(a) (West 2000). Similarly, the Administrative Code provides that driver training school motor vehicles be in "safe *operating* condition," including, but not limited to, operating and undamaged doors, mirrors, windshield, exhaust system, headlights, turn signals, seat belts, brakes and tires. (Emphasis added.) 92 Ill. Adm. Code § 1060.110(d)(5) (1996).

Therefore, the duty established by these statutes is to inspect driver training motor vehicles for unsafe *mechanical* conditions. This duty would obviously not include the inspection and subsequent removal of natural accumulations of ice and snow.

### 3. Voluntary Undertaking

■ Plaintiff next argues that defendant voluntarily assumed a duty to remove the snow and ice from the step and either failed to do so or did so negligently. Because plaintiff did not raise this argument before the trial court or in his complaint, the issue is waived. *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534 (1994). However, even if plaintiff had not waived this issue on appeal, based on the record before us we would still find defendant did not voluntarily assume a duty to remove ice and snow from the truck step.

"In situations in which a duty would not otherwise arise, a duty to act reasonably may be imposed when a defendant negligently performs a voluntary undertaking." *Ordman v. Dacon Management Corp.*, 261 Ill. App. 3d 275, 279 (1994). However, "the gratuitous performance of removing snow and spreading salt does not alone create a continuing duty to perform those tasks." *Ordman*, 261 Ill. App. 3d at 280. That is because the "mere reliance by a party upon defendants' gratuitous performance in the past, without more, is insufficient to impose any duty thereafter." *Burke v. City of Chicago*, 160 Ill. App. 3d 953, 958 (1987).

A review of the record demonstrates that plaintiff has failed to show either the existence of an assumed duty with respect to the snow and ice upon which plaintiff fell and was injured or a breach of such a duty. The testimony plaintiff claims supports his assertion that defendant assumed a duty to remove the ice and snow from the step establishes only that on past occasions defendant's employees have removed ice and snow from the steps of its training vehicles. The record is devoid of any evidence that defendant attempted to remove the ice and snow from the steps of the semi-truck plaintiff used on the day of his accident. Without this evidence, we cannot conclude that defendant assumed a duty to remove the snow and ice from the vehicles' steps. *Burke*, 160 Ill. App. 3d at 958.

### 4. Contractual Duty

■ Finally, plaintiff argues that defendant had a contractual duty to remove the accumulation of snow and ice on the step. In order to study truck driving at defendant's school, plaintiff entered into a "Student Enrollment Agreement" with defendant. Under the terms of the agreement, the defendant agreed to furnish plaintiff with the following:

"(A) The School's three (3) week/120 hour Resident Training Program including the actual operation on manual transmission speeds of tractors and trailers. (B) Instructor supervision and assistance. (C) Consultation and service to students and graduates. (D) Placement advisory service."

Plaintiff claims that this language as a whole placed a duty on defendant to remove snow and ice from the truck steps. Again, we disagree.

The terms of the agreement contain no express provision for the removal of snow and ice from the truck step. We will not add terms to an agreement when the agreement is silent about those specific terms. *American States Insurance Co. v. A.J. Maggio Co.*, 229 Ill. App. 3d 422, 427 (1992). We most especially will not add terms to an agreement when the added language would clearly change the plain meaning of the agreement. *American States Insurance Co.*, 229 Ill. App. 3d at 427.

Plaintiff argues that terms of the agreement "at the very least" placed a duty on defendant to provide plaintiff "with safe equipment and proper instruction on how to encounter the hazards of such a large vehicle." Plaintiff claims that defendant breached this duty by failing to instruct plaintiff on how to exit the semi-truck properly.

While we find the existence of such a duty to be questionable, the record reveals through plaintiff's own testimony that defendant provided plaintiff with instructions on how to exit the semi-truck. During plaintiff's deposition, the following exchange took place between plaintiff and defense counsel:

"Q. Did you receive any instruction on the first day regarding safety in the yard?

[Plaintiff]: I think we were told we were supposed to back out of the truck.

Q. When you say you were told you were supposed to back out of the truck, that means you are—when you are personally getting out of the cab?

[Plaintiff]: Correct. Like you said, ass first or whatever."

In his brief, plaintiff concedes that defendant provided instructions on how to exit the semi-truck, but argues that defendant's instruction to exit the truck "ass first" was somehow improper. However, plaintiff has failed to present any evidence on the *proper* way to exit a semi-truck if, in fact, defendant's instructions were incorrect. The mere suggestion that an issue of material fact exists, without supporting evidence, is insufficient to create one. *In re Marriage of Palacios*, 275 Ill. App. 3d 561, 568 (1995).

Plaintiff also argues that defendant failed to furnish instructor "supervision" as outlined in the enrollment agreement. According to

plaintiff, defendant failed to perform its "supervisory responsibilities" under the contract because it did not remove the snow and ice from the steps of the semi-truck.

"[W]hether a contract imposes a particular legal duty is a question of law rather than an issue of fact." *Ivanov v. Process Design Associates*, 267 Ill. App. 3d 440, 442 (1993).

> "An allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, is nonetheless defined by the contract. [Citations.] Thus, the scope of duty is determined by the terms of the contract. [Citation.] A defendant's duties will not be expanded beyond the scope of duties required by the contract. [Citations.]" *Eichengreen v. Rollins, Inc.*, 325 Ill. App. 3d 517, 525 (2001).

The provision of the enrollment agreement at issue provides that "The School [defendant] Agrees to: 1) Furnish [plaintiff] with the following: \*\*\* (B) Instructor supervision and assistance." It is well established that "where the terms of a contract are clear and unambiguous, they must be enforced as written, and no court can rewrite a contract to provide a better bargain to suit one of the parties." *Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 349. By requesting this court to interpret the term "supervision" to include snow and ice removal, plaintiff is requesting that this court rewrite the contract by assigning a "special meaning" to the term "supervision." *Frydman v. Horn Eye Center, Ltd.*, 286 Ill. App. 3d 853, 858 (1997). We decline to do so.

" 'Unless the agreement unequivocally specifies special meanings, the court must interpret the words of the contract with their common and generally accepted meanings.' [Citation.]" *Frydman*, 286 Ill. App. 3d at 858. Although we acknowledge that the term "supervision" is broad, we find that snow and ice removal are not inherent in the general term "supervision" and refuse to construe the term in the fashion plaintiff suggests. This court will not engraft further specificity onto a broad contract term. This is especially true in light of the fact that the enrollment agreement fails to mention premises liability. Had the parties desired to include snow and ice removal or any other type of premises liability in the enrollment agreement, they easily could have done so. Plaintiff's signature is on the enrollment agreement. Plaintiff is bound by the benefits—and detriments—of his bargain.

## CONCLUSION

Plaintiff has failed to establish that defendant owed him a duty—by contract, statute, or otherwise—either to remove the snow and ice that accumulated on the bottom step of the semi-truck or to

warn him of its presence. The trial court's order granting summary judgment in favor of defendant is affirmed.

Affirmed.

McNULTY and COUSINS, JJ., concur.