# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-4129

MICHAEL RIZZO AND LOUISE RIZZO,

*Plaintiffs-Appellants*,

v.

PIERCE & ASSOCIATES,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 1992—**Charles R. Norgle, Sr.**, *Judge.*

———————

ARGUED NOVEMBER 5, 2003—DECIDED DECEMBER 12, 2003

———————

Before FLAUM, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge.* The plaintiffs brought this action under the Fair Debt Collections Practices Act (FDCPA) claiming that defendant unlawfully charged post-acceleration, pre-reinstatement late fees on a mortgage loan because the mortgage and note did not unambiguously authorize the late fees. We find the collection of those late fees to be lawful and affirm the district court's grant of summary judgment in favor of defendant.

## BACKGROUND

Plaintiffs, Michael and Louise Rizzo, obtained a home mortgage loan and signed a promissory note on the mortgage. Some time after signing both of these documents, the Rizzos failed to make their required monthly payments. The loan was accelerated and an action for foreclosure was ultimately filed. Plaintiffs invoked their right under the mortgage to reinstate. They paid all of the fees and expenses necessary to reinstate their loan. The action to foreclose was dismissed. Plaintiffs then requested an account history. When they received the account history, they discovered that they had paid a late charge on the post-acceleration to pre-reinstatement period. The plaintiffs then filed this action in order to obtain what they call "unlawful post-acceleration late charges." Defendant's motion for summary judgment was granted and the plaintiffs' motion was denied. Plaintiffs filed this appeal.

The relevant portions of the note are as follows:

3.) Payments

I will pay principal and interest by making payments each month of U.S. $674.88 . . . .

4) Borrower's Failure to Pay as Required

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen calender days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0% of my overdue payment . . .

. . .

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may

require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount

. . . .

(D) Payment of Note Holder's Cost and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

(R. on Appeal at 18.) The relevant portions of the Mortgage are as follows:

17.) Acceleration, Remedies:

. . . Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees and costs of documentary evidence, abstracts and title reports.

18.) Borrower's Right to Reinstate

Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgement enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of

Borrower contained in this Mortgage. . . .

(R. on Appeal at 18.)

## DISCUSSION

This court reviews a district court's ruling on a motion for summary judgment de novo. *Weinberger v. State of Wisconsin*, 105 F.3d 1182, 1186 (7th Cir. 1997). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Interpretation of an unambiguous contract is a question of law. *Bechtold v. Physicians Health Plan of N. Ind., Inc.*, 19 F.3d 322, 325 (7th Cir. 1994) (citing *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 602 (7th Cir. 1989)). "A term is ambiguous if it is subject to reasonable alternative interpretations." *Hickey v. Staley Mfg.*, 995 F.2d 1385, 1389 (7th Cir. 1993) (quoting *Taylor v. Continental Group*, 933 F.2d 1227, 1232 (3d Cir. 1991)). Therefore, "if the language of the contract unambiguously provides the answer to the question at hand, the inquiry is over." *LaSalle Nat'l Bank v. Service Merchandise Co.*, 827 F.2d 74, 78 (7th Cir. 1987).

Plaintiff cites to sixteen cases in an attempt to support his position that post-acceleration late fees are unlawful.[1]

---

[1] **1)** *Berkley Federal v. Ogalin*, 708 A.2d 620 (Conn. App. Ct., 1998); **2)** *Cadle Co. v. Ginsburg*, 1997 WL 535249 (Conn. Super. Ct., 1997); **3)** *Centerbank v. D'Assaro*, 600 N.Y.S.2d 1015 (N.Y. Sup. Ct., 1993); **4)** *Crest S. & L. Ass'n v. Mason*, 581 A.2d 120 (N.J. Super. Ct. Ch. Div., 1990); **5)** *FDIC v. M.F.P. Realty Ass'n*, 870 F. Supp. 451 (D. Conn., 1994); **6)** *FDIC v. Napert-Boyer Partnership*, 671 A.2d 1303 (Conn. App. Ct., 1996); **7)** *FNMA v. Mebane*, 618 N.Y.S.2d 88 (N.Y. App. Div. 2d Dept., 1994); **8)** *Ford v. Statts*, No. 88-6935, 1998 WL 1184108 (Super. Ct. Mass. Middlesex. Feb. 17, 1998); **9)** *Fowler v. First Fed. S. & L. Ass'n*,
(continued...)

These cases uniformly stand for the proposition that a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated. However, not one of those cases address the issue before us today. The distinguishing characteristic of this case is the fact that the plaintiffs reinstated the note and mortgage.

The note provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due. (R. on Appeal at 18.) The reinstatement provision of the mortgage language requires payment of *all sums* "which would *then* be due . . . *had no acceleration occurred.*" (R. on Appeal at 18; emphasis added.) The effect of this, from the plain language of the instrument, is retroactive. In other words, the monthly payments are deemed to have been due each and every month on the dates set out in the mortgage and note. We find this language to unambiguously require plaintiffs to pay the late fees. *Frederick v. Prof'l Truck Driver Training Sch.*, 328 Ill.App. 3d 472, 481 (1st Dist. 2002) (where the terms of a contract are clear and unambiguous, they must be enforced as written). It is undisputed that the Rizzos did not make a certain number of monthly payments. Because of this failure, foreclosure

---

[1] (...continued)
643 So.2d 30 (Fla. 1st DCA 1994); **10)** *In re Tavern Motor Inn, Inc.*, 69 B.R. 138 (Bankr.D.Vt. 1987); **11)** *Manhattan & S. Savings & Loan Ass'n of New York v. Massarelli*, 42 A. 284 (N.J. Super. Ct. Ch. Div. 1899); **12)** *Monument Realty, Inc. v. Youmatz*, 18 Conn. L. Rptr. 589 (Con. Super. Ct. 1997); **13)** *RTC Mortgage Trust 1995-S/N 1 v. J. I. Sopher & Co.*, 96 CIV 4992, 1998 WL 132815 (S.D.N.Y. Mar. 24, 1998); **14)** *Security Mutual Life Ins. Co. of New York v. Contemporary Real Estate Assocs.*, 979 F.2d 329 (3d Cir. 1992); **15)** *Shadhali, Inc. v. Hintlian*, 675 A.2d 3 (Conn. App. Ct., 1996); **16)** *SKW Real Estate LP v. Gallicchio*, 716 A.2d 903 (Conn. App. Ct.,1998).

was sought. In order to avoid foreclosure, the Rizzos reinstated the mortgage. In so doing, plaintiffs had to pay "all sums which would be then due under this Mortgage and the Note had no acceleration occurred." (R. on Appeal at 18.)

Plaintiffs repeatedly argue "if late charges are tied to overdue 'monthly payments,' the absence of any 'monthly payment' obligation after acceleration and before reinstatement precludes the imposition of late charges for that period." (Br. of Appellants at 17.) This argument is flawed in that it claims there is an absence of an obligation to make monthly payments after acceleration. While this may be the case when the borrower does not seek to reinstate, it is not the case here. As discussed above, it is clear that the obligation to make monthly payments is retroactively applied when the borrower seeks to reinstate. Since the plaintiffs reinstated their mortgage, monthly payments became retroactively due. Plaintiffs' argument fails on its face.

The plaintiffs claim that the collection of late fees under this mortgage and note violates the FDCPA. The FDCPA prohibits using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt" and "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This includes the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Id.* (emphasis added). We cannot find any false or misleading representations nor can we deem the collection of late fees unfair or unconscionable. The terms of the note and mortgage explicitly require payment of all sums which would then be due had no acceleration occurred. We hold that defendants have not violated the FDCPA.

It should be noted that the Rizzos are not obligated to pay the late fees in all cases. If, for whatever reason, the Rizzos did not want to pay the late fees, they were free to pay the loan as accelerated. Such a payment would nullify any obligation to pay post-acceleration late fees.

Reinstatement essentially allows the borrower a second "bite at the apple." It follows that the lender should not be penalized, nor the borrower rewarded, for a breach on the part of the borrower.

AFFIRMED

WILLIAMS, *Circuit Judge*, concurring.  The Rizzos missed monthly payments and failed to pay late fees associated with those missed payments, which prompted Fairbanks Capital to accelerate their mortgage and hire Pierce & Associates to institute a foreclosure action. Had the Rizzos sought to reinstate their mortgage within 90 days as Illinois law provides, *see* 735 ILL. COMP. STAT. 5/15-1602; *Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 919 (7th Cir. 2003), reinstatement could have been "effected by curing all defaults *then existing*" at the time of reinstatement. 735 ILL. COMP. STAT. 5/15-1602 (emphasis added). Because the Rizzos did not elect to reinstate within the statutorily prescribed period, their efforts to do so were governed by the terms of their agreement with Fairbanks Capital rather than Illinois mortgage law.

Had the Rizzos attempted to reinstate during the statutory period, they would have been required to pay only the monthly payments and late fees that they had failed to pay in the months prior to acceleration, and to bring their loan current by paying Fairbanks for the monthly payments that

would have come due between acceleration and reinstatement had acceleration never occurred. *See* RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 8.1 cmt. e (1997). The majority's opinion should not be read to hold borrowers liable for late fees on the monthly payments that would have come due in the intervening months had acceleration never occurred, if they sought to reinstate their mortgage during the statutorily prescribed period. Such borrowers would not be in default on any of these "missed" monthly payments because they would never have been obligated to make those payments during the post-acceleration pre-reinstatatement period (*i.e.*, acceleration stops the payments from actually coming due). It would follow then that they could never have "failed" to make those payments.[1] *See, e.g., Sec. Mut. Life Ins. Co. of N.Y. v. Contemporary Real Estate Assocs.*, 979 F.2d 329, 331 (3d Cir. 1992); *see also* cases in majority opinion at note 1.[2]

---

[1] To hold otherwise would effectively reinstate those "missed" monthly payments retroactively to the date they would have been due (but for acceleration) and then to declare the borrowers in default on those payments for failing to make them on those dates in the past. This would contravene the express statutory language and would not be supported by any existing law. It would also be presuming that those reinstating borrowers would have failed to timely make those "missed" payments had acceleration not occurred, yet reinstatement wipes clean the borrowers' slate with respect to all of the missed payments which prompted acceleration in the first place. 735 ILL. COMP. STAT. 5/15-1602; *Colon*, 319 F.3d at 919 ("Reinstatement leaves the mortgage documents in place as if no default or acceleration had occurred.").

[2] If borrowers attempt to cure their defaults post-acceleration by paying the missed monthly payments and the late fees that were due at the time of acceleration, and any post-acceleration monthly payments necessary to make their loan current, lenders are likely obligated in equity to accept the payments and reinstate
(continued...)

The Rizzos' situation is governed by the terms of their mortgage rather than Illinois mortgage law. The majority's opinion should not be read to allow debt collectors to collect unauthorized fees from borrowers who properly exercise their statutory right to reinstate their mortgage, which would violate the FDCPA, *see* 15 U.S.C. § 1692f(1). For the foregoing reasons, I respectfully concur in the judgment of the court.

A true Copy:

     Teste:

                    _____
                    ***Clerk of the United States Court of***
                    ***Appeals for the Seventh Circuit***

---

[2]  (...continued)
the mortgage. *See Fed. Nat. Mortgage Ass'n v. Bryant*, 378 N.E.2d 333, 336 (Ill. App. Ct. 1978).