STATE OF MAINE
CUMBERLAND ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-227

MAINE STATE HOUSING AUTHORITY,

Plaintiff

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

V.

PAMELA J. CARTER, a/k/a
J. PAMELA CARTER,

Defendant

And

MAINE STATE HOUSING AUTHORITY

Party-In-Interest

STATE OF MAINE
Cumberland ss. Clerk's Office

AUG 04 2015

RECEIVED

Before the Court is the Plaintiff's motion for summary judgment in its action seeking foreclosure of a mortgage encumbering the Defendant's property in Windham. *See* 14 M.R.S. §§ 6321-6326 (2014); M.R. Civ. P. 56. The Defendant, Pamela Carter, has appeared in this action but has not filed an opposition to the Plaintiff's motion. However, regardless of the sufficiency of the Defendant's response, the Court cannot grant the Plaintiff's motion because the Plaintiff failed to properly support the statements of material fact necessary for the Court to issue a summary judgment of foreclosure and sale. *See* M.R. Civ. P. 56(h)(4) (stating that the Court may disregard a statement of material fact "not supported by citation to record material properly considered on summary judgment"); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158; *see also Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508) (setting forth the essential

elements of proof necessary to support a judgment of foreclosure and sale). In light of the lack of opposition to the Plaintiff's motion, the Plaintiff shall have thirty (30) days to file supplemental statements of material fact, with any necessary supporting records and affidavits, to remedy the deficiencies in its motion that are identified in this order. If the Plaintiff fails to make a supplemental filing within thirty days, its motion for summary judgment shall be denied without further notice or order.

The Plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting a summary judgment in a foreclosure action. M.R. Civ. P. 56(j).[1] The Court must determine if the requirements of Rule 56(j) have been met and also whether the Plaintiff has set forth in its statements of material fact the evidence necessary for a judgment in a mortgage foreclosure. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. The Court must apply the rules of summary judgment strictly when determining whether the Plaintiff has properly supported the necessary statements of material fact for a judgment of foreclosure. *Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158.

After reviewing the Plaintiff's motion, the Court concludes that the requirements for a summary judgment of foreclosure have not been met for multiple reasons. First, the Plaintiff failed to ensure the admission of certain records of regularly conducted activity, formerly known as business records. *See* M.R. Evid. 803(6). A foreclosure plaintiff's statements of material fact

---

[1] Maine Rule of Civil Procedure 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

must be "supported by references to record evidence of a quality that could be admissible at trial." M.R. Civ. P. 56(e); *Lubar v. Connelly*, 2014 ME 17, ¶ 36, 86 A.3d 642; *see also HSBC Mortg. Services, Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 (discussing the importance of the qualitative requirement that records submitted for summary judgment in a foreclosure action are admissible). "[A] business's record[s] of acts or events [are] admissible [pursuant to M.R. Evid. 803(6)] if the necessary foundation is established by the testimony of the custodian or other qualified witness." *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶¶ 12-17, 25 A.3d 96.

To the extent that the Plaintiff seeks to admit copies of the note, mortgage, and assignment as records of regularly conducted activities, the Plaintiff failed to produce an affiant qualified to lay the necessary foundation to admit these records. *See* M.R. Evid. 803(6); *Carter*, 2011 ME 77, ¶¶ 12-17, 25 A.3d 96; (Thompson Ex. A, B, C; Roux Ex. A, B, C). Because these documents were created by "previous holders and/or servicers," of the Defendant's mortgage loan, (*see* Thompson Aff. ¶ 2), any affiant employed by the Plaintiff or Camden National Bank (CNB), the current loan servicer, must provide foundational evidence that is "adequate to demonstrate that the [affiant] ha[s] sufficient knowledge of *both businesses'* regular practices to demonstrate the reliability and trustworthiness of the information."[2] *Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96 (emphasis added). An affiant can accomplish this by demonstrating knowledge that:

- the producer of the record at issue employed regular business practices for creating and maintaining the records that were sufficiently accepted by the receiving business to allow reliance on the records by the receiving business;

---

[2] By "both businesses," the Court means the business that created the record and the business that integrated the record into its own records. In this case, the business that created the note, mortgage, and assignment appears to be Norway Savings Bank. (*See* Thompson Ex. A, B, C; Roux A, B, C.) If the Plaintiff's employee, Stephanie Roux, seeks to admit these documents as the Plaintiff's records of regular conducted activities, she must demonstrate knowledge of record creation practices of *both* Norway Savings Bank and the Plaintiff. *See Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96. Likewise, if Robin Thompson, an employee of CNB, seeks to admit the records as CNB's records of regularly conducted activities, she must demonstrate knowledge of the record creation practices of both Norway Savings Bank and CNB. *See id.*

3

• the producer of the record at issue employed regular business practices for transmitting them to the receiving business;

• by manual or electronic processes, the receiving business integrated the records into its own records and maintained them through regular business processes;

• the record at issue was, in fact, among the receiving business's own records; and

• the receiving business relied on these records in its day-to-day operations.

*Id.* ¶ 14. The affiant must also report the basis of his or her knowledge of the practices of an entity that the affiant is not employed by, i.e. how the affiant knows that the creator of the record employed regular business practices for creating and maintaining the record. *Id.* ¶ 16.

In this case, neither Robin Thompson, an employee of CNB, nor Stephanie Roux, the Plaintiff's employee, demonstrated sufficient knowledge of the practices of the entity that created the note, mortgage, and assignment. Neither affiant explicitly identified the "previous holders and/or servicers" that created these records in the portion of their affidavits laying the foundation for admission of these records. Additionally, neither affiant demonstrated any knowledge of that specific entity's record keeping practices.[3] Therefore, to the extent that the Plaintiff seeks to admit these records pursuant to M.R. Evid. 803(6), they are inadmissible.[4] And, like in *Carter*, these documents are to only evidence of the note, mortgage, and the Plaintiff's interest in the note and mortgage. *See id.* ¶ 17.

Likewise, Thompson failed to establish that she is qualified to introduce the records evidencing the total amount due. (*See* Pl.'s Supp. S.M.F. ¶ 26; Thompson Aff. ¶ 21 citing

---

[3] Thompson's averment that "[i]t is the regular practice of CNB as servicing agent for the Plaintiff and all previous holders and servicers of the Note, Mortgage, and Assignment referenced to make such records" is insufficient to demonstrate that Thompson has knowledge of those "previous holders and servicers" record keeping practices. (Thompson Aff. ¶ 2.) Although it is certainly possible that Thompson possesses personal knowledge of the practices of Norway Savings Bank and any prior loan servicer(s), Thompson failed to report how she, an employee of CNB, has knowledge of those practices." *See Carter*, 2011 ME 77, ¶ 16, 25 A.3d 96.

[4] These records may well be admissible pursuant to other Rules of Evidence not invoked by the Plaintiff. If the Plaintiff seeks to admit these records under other Rules of Evidence it should explicitly address this issue in its supplemental filing.

4

Thompson Ex. E.) This is because it is unclear whether CNB's records rely on, and build upon, records created by a prior loan servicer. The earliest CNB appears to have become servicer of any of the Plaintiff's mortgage loans was in March of 2010. (*See* Thompson Aff. ¶ 3 citing to Roux Ex. D.) The loan at issue in this case was originated in December of 2002. (*See* Thompson Ex. A, B.) If, as the record suggests, an entity other than CNB serviced the loan between 2002 and 2010, and that entity's records of payments and expenditures from the mortgage account[5] were integrated into CNB's records, then Thompson must satisfy the foundational requirements set forth in *Carter*, discussed *supra*, in order to ensure admission of this record. In any supplemental filing, the Plaintiff should clarify when CNB began servicing the loan on the Plaintiff's behalf and, if necessary, provide supplemental affidavits addressing the foundational requirements discussed in *Carter*, including how Thompson came to have personal knowledge of the practices of any prior loan servicer(s).

Second, even if the Court were to consider Exhibit E, some of the charges imposed by the Plaintiff are impermissible. Exhibit E demonstrates that the Plaintiff has charged the Defendant late fees for missed payments after acceleration of the debt. (*See* Thompson Ex. E (imposing late fees for June 2014 to November 2014); *see generally* Pl.'s Complaint filed 5/20/14.) Once a mortgagee triggers an acceleration clause of a note "the entire debt [becomes] due" and "the contract [becomes] indivisible." *Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866. Thereafter, "[t]he obligations to pay each installment merge[ ] into one obligation to pay the entire balance on the note." *Id.* At that point the mortgagor no longer has an obligation to make monthly payments and it follows that a mortgagee can no longer impose a late fee for the failure to make those payments. Case law in other jurisdictions uniformly prohibits charging late

---

[5] As Thompson's affidavit makes clear, the Plaintiff does not service its own loans and thus does not create its own records of payments to and from the mortgage account. (*See* Thompson Aff. ¶¶ 3, 5.)

5

fees after acceleration of a debt. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793 & n.1 (7th Cir. 2003) (collecting cases and stating that those cases "uniformly stand for the proposition that a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated"); *Centerbank v. D'Assaro*, 158 Misc. 2d 92, 95, 600 N.Y.S.2d 1015, 1017 (Sup. Ct. 1993) ("It has been held to be inconsistent to allow a lending institution to accelerate a note, thereby denying the debtor the right under the mortgage note to make monthly installments and to continue to insist on its own right under the note to impose monthly late charges."); *In re Tavern Motor Inn, Inc.*, 69 B.R. 138, 141 (Bankr. D. Vt. 1986) ("The bank may not deny the debtor the right under the mortgage note to make monthly installments and continue to insist on its own right under the note to impose monthly late charges."). The Plaintiff must address the propriety of its imposition of post-acceleration late charges in its supplemental filing.

Third, portions of the affidavit submitted by Roux do not strictly comply with the rules of summary judgment.[6] In her affidavit, Roux refers to a "Mortgage Purchase Agreement" (MPA) but she does not attach a sworn or certified copy of the MPA as required by Rule 56(e). (Roux Aff. ¶¶ 2, 10.) Having failed to comply with Rule 56(e), the Court cannot properly consider these portions of Roux's affidavit or the statements of material fact that rely on these portions of her affidavit. *See* M.R. Civ. P. 56(e),(h)(4) (stating that the Court may "disregard any statements of material fact not supported by a specific citation to record material properly considered on summary judgment"); *Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158 (stating that the Court must apply the rules of summary judgment strictly); (Pl.'s Supp. S.M.F. ¶¶ 8, 13 (discussing the process the Plaintiff uses to acquire loans and the Plaintiff's relationship with CNB)).

---

[6] Additionally, the portion the Plaintiff's statement of material fact asserting that the Defendant currently receives mail at P.O. Box 667 is not properly supported because it relies on an affidavit submitted made upon "information and belief." (Pl.'s Supp. S.M.F. ¶18 citing Thompson Aff. ¶ 14.) Affidavits submitted upon summary judgment must be made upon personal knowledge. M.R. Civ. P. 56(e).

Finally, the Plaintiff's statement of material fact setting forth the priority of the parties and the amounts due to those parties appears to omit the Plaintiff's interest in the second priority mortgage it claims to hold in its complaint. (*See* Pl.'s Compl. ¶ 14.) If the Plaintiff intends to recoup any of the proceeds from the sale of the property to satisfy the junior priority mortgage it claims to hold, it must list itself, in its capacity as junior mortgagee, and the amount it is due under that mortgage in its statements of material fact. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (requiring a plaintiff to set forth evidence of the order of priority and any amounts that may be due to parties in interest).

For these reasons, the Plaintiff is not entitled to a summary judgment of foreclosure and sale at this time.

**The entry shall be:**

The Plaintiff shall have thirty (30) days to file supplemental statements of material fact addressing the issues identified in this order. If the Plaintiff fails to make a supplemental filing within thirty (30) days, the Plaintiff's motion for summary judgment shall be DENIED without further notice or order. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____8/3/15_____

Joyce Wheeler
Justice, Superior Court

Plaintiff-Julianne Ray Esq
Defendant-Pro Se Pamela Carter

7